# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**OSCAR GODINEZ REA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  2:07-cv-489-FtM-34DNF**

**STLC IRRIGATION, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      The Parties filed a Report to the Court Concerning Settlement (Doc. 6). The Plaintiff, Oscar Godinez Rea and the Defendant, STLC Irrigation, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FSLA") claim and dismiss this case.  To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the  Fair Labor Standards Act ("FSLA"). *Lynn's Food Stores , Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FSLA to be settled or compromised. *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant a general labor aid. (See, Complaint, Doc. 1, p. 3). Based upon the Joint Notice of Compliance with Court Order (Doc. 9), the Plaintiff claims that he was owed overtime wages for a total of 210 hours. He calculated that he was owed approximately $3780.00 in overtime and back wages. The Defendant disputed the number of hours worked and asserts that its liability is for no greater than 70 hours for a total of $1260.00. (See, Doc. 9, p.1).

The parties represent that they came to an agreement on the issues raised in this action, and entered into a Settlement Agreement and Full and Final Mutual Release of All Claims on July 23, 2007 and August 2, 2007. (See, Doc. 9). The Plaintiff was represented by counsel throughout the negotiations. (See, Doc. 6). The Court has carefully reviewed the Settlement Agreement. The settlement provides that the parties agreed to settle all claims for the total amount of $9,425.00. (See, Doc. 9, p. 2, ¶3 of the Settlement Agreement). This amount represents the settlement of claims not raised in this action, such as an EEOC claim. (See, Doc. 9, the Settlement Agreement). The parties notified the Court that they settled the FSLA claim for $3850.00 inclusive of attorney fees and court costs. (See, Doc. 6, p. 1).

The Court finds that this settlement to be fair and reasonable. The settlement includes that counsel will receive an hourly rate of $325.00 per hour for a total of 4.74 hours. The Court finds that this amount of attorney's fees to be reasonable.[1]

**IT IS RESPECTFULLY RECOMMENDED:**

That the District Court approve the Parties' Report to the Court Concerning Settlement (Doc. 6), and the Joint Notice of Compliance with Court Order (Doc. 9). Further, it is respectfully recommended that the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] An in-depth analysis of an attorney fee request is not necessary in FSLA cases unless it is unreasonable on the face of the documents. *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (quoting *Perez v. Nationwide Protective Servs.,* Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)). In the instant case, the attorney fee request is not unreasonable on its face.

Respectfully recommended in Chambers in Ft. Myers, Florida this __11th__ day of September, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record